76851. S & S MACHINERY COMPANY v. INTERMAR
STEAMSHIP CORPORATION et al.
(374 SE2d 767)

BEASLEY, Judge.
This appeal involves the "Carriage of Goods by Sea Act" (COGSA) 46 USCA § 1300 et seq. It arose out of an incident in which plaintiff S & S Machinery's drilling machine was damaged while being off-loaded onto a dock by defendant Smith & Kelly, performing as a stevedore. Defendant Intermar, a non-vessel-owning common carrier, had contracted with S & S for transportation of the machine, which was separated into four packages for shipping.

Intermar issued a bill of lading to S & S and transportation was arranged on a vessel owned or operated by U. S. Lines, a water carrier. U. S. Lines also issued a bill of lading to Intermar. Both bills of lading contained the $500 per package limitation of carrier's liability provided for in 46 USCA § 1304 (5).

The bill of lading issued by U. S. Lines had a "Himalaya" clause which made specific reference to stevedores while the one issued by Intermar did not. "Himalaya" clauses are the contractual means by which the carrier's agents and independent contractors performing the services necessary to accomplish the shipping are provided with

the protection of the COGSA $500 package limitation. See *Brown & Root v. M/V Peisander*, 648 F2d 415, 417 (5th Cir. 1981), which contains a history of the Himalaya clause.

After an action was brought against them for damages, both Intermar and Smith & Kelly filed motions for partial summary judgment contending that their liability to S & S, if any, should be limited to $500 per package. The principal issues on the trial level and on appeal are whether Intermar comes within the definition of a "carrier" under USCA § 46-1301 so as to fall within COGSA's protection and whether Smith & Kelly was included within the terminology of the Himalaya clause found in the Intermar bill of lading. The trial court found in favor of both defendants but specifically excluded consideration of the U. S. Lines bill of lading and relied upon that of Intermar, which contained no specific reference to stevedores.

The trial court's orders adequately explain the reasons for the decisions. See Court of Appeals Rule 36 (3). They are adopted with the addition of the following citations: as to carriers — *Insurance Co. of North America v. S/S American Argosy*, 732 F2d 299, 301 (2nd Cir. 1984), and *Nitram v. Cretan Life*, 599 F2d 1359, 1370 (5th Cir. 1979); as to those included within the framework of Himalaya clauses — *Secrest Machine Corp. v. S. S. Tiber*, 450 F2d 285 (5th Cir. 1971), *Tessler Bros. v. Italpacific*, 494 F2d 438 (9th Cir. 1974), and *Generali v. D'Amico*, 766 F2d 485 (11th Cir. 1985).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED OCTOBER 4, 1988 —
REHEARING DENIED OCTOBER 25, 1988 —

*Fred S. Clark*, for appellant.

*Lamar C. Walter, Edward T. Brannan, Mason White*, for appellees.